IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DERRICK M. LLOYD, ) | |
| a.k.a., Rashad Abdul Hamid, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:08-CV-419-MEF |
| ) | [WO] |
| ) | |
| DAVID T. MARSHALL, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Derrick M. Loyd ["Lloyd"], an inmate, challenges actions taken against him during his arrest and subsequent confinement in the Montgomery County Detention Facility. On September 18, 2008, Lloyd filed a motion for preliminary injunction (Court Doc. No. 34). In this motion, Lloyd requests issuance of a preliminary injunction which requires that the defendants allow him to pass documents he identifies as legal materials to his wife during visitation, provide him a specific amount of time in the law library each week, and furnish him unlimited free copies and stationary items during his confinement for purposes of preparing legal work.

**I. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).

This court may grant a preliminary injunction only if Lloyd demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306  *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make

preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

## II.  DISCUSSION

### A.  Basis for Relief

Lloyd argues he is entitled to issuance of a preliminary injunction to ensure he is allowed access to the court. Initially, it is clear the request by Lloyd that he be allowed to freely pass items to his wife during visitation would present valid security concerns for jail officials. Maintaining institutional security is a valid penological objective and correctional officials are accorded wide latitude by the courts in the administration of jail security. *Cruz v. Beto*, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081 (1972); *Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("In the First Amendment context, ... some rights are simply inconsistent with the status of a prisoner or 'with the legitimate penological objectives of the corrections system.'"). Additionally, time in the law library is not a requisite element of access to the court, *Lewis v. Casey*, 518 U.S. 343, 350-357 (1996) (no constitutional right to conduct research in a law library), nor does this court deem it appropriate to issue an order requiring jail officials to undertake specific actions impacting the daily operation

3

of the Montgomery County Detention Facility. Finally, the plaintiff is not entitled to free copies or unlimited stationery during his incarceration. *Van Poyck v. Singletary*, 106 F.3d 1558, 1559 (11th Cir. 1997) (right of access to court does not entitle inmate to unlimited legal materials); *Procup v. Strickland*, 760 F.2d 1107, 1114 n.9 (11th Cir. 1985) ("The supply of writing materials and postage for mailing pleadings to the court is not unlimited. *See, e.g.*, *Hoppins v. Wallace*, 751 F.2d 1161, 1162 (11th Cir. 1985).").

### B. The Prerequisites for Issuance of a Preliminary Injunction

Initially, the court notes it is clear Lloyd does not seek issuance of a preliminary injunction to preserve the status quo of the parties until the merits of his claims have been completely adjudicated - which constitutes the limited purpose of a preliminary injunction. *Suntrust Bank*, 268 F.3d at 1265; *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Instead, Lloyd requests preliminary injunctive relief to alter the status quo and gain additional rights during his incarceration. Nevertheless, turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Lloyd has failed to demonstrate a substantial likelihood of success on the merits of his claims. Lloyd also fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants because issuance of the requested injunction would have an unduly adverse affect on the daily operation of the Montgomery

County Detention Facility. Finally, the public interest element of the equation is a neutral factor at this juncture. Thus, Lloyd has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on September 18, 2008 (Court Doc. No. 34) be DENIED.

2. This case be referred back to the undersigned for additional proceedings.

It is further

ORDERED that on or before October 3, 2008 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 19th day of September, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE